IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

HALIMATOU RIBA-TURNER　　　　　　　　　＊
5818 Barnes Drive
Clinton, MD 20735　　　　　　　　　　　　　＊

　　　　　Plaintiff,　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　　　　　　　　Case No.: CAL20-16861
vs.　　　　　　　　　　　　　　　　　　　　　＊

SHOPPERS FOOD WAREHOUSE CORP　　　　＊
11840 Valley View Road
Eden Prairie, MN 55344　　　　　　　　　　＊

　　　Serve Resident Agent:
　　　The Corporation Trust, Incorporated　＊
　　　2405 York Road, Suite 201
　　　Lutherville Timonium, MD 21093　　　＊

And　　　　　　　　　　　　　　　　　　　　＊

STEVE TRAVERS, GENERAL MANAGER　　＊
SHOPPERS FOORD WAREHOUSE CORP　　＊
6300 Coventry Way
Clinton, MD 20735　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　　　　　　　＊
　　　　Defendants　　　　　　　　　　　　＊
*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*

(Premises Liability - Negligence-Permanent Injuries - Jury Trial)

Comes now Plaintiff, Halimatou Riba-Turner, by and through her attorneys, Shawn M. Poe and Alpert Schreyer Poe, LLC, and sues the Defendant, Shoppers Food Warehouse Corporation, and states:

### COUNT 1
(Negligence)

1.　　Defendant, Shoppers Food Warehouse Corporation, (hereinafter, "Shoppers Food") is a Maryland Corporation which was at all times pertinent herein,

2.　　Plaintiff, Halimatou Riba-Turner (hereinafter, "Riba-Turner") is a resident of

ALPERT SCHREYER POE
85 Sherry Lane, Suite 1A
Prince Frederick, MD 20678
443-453-1786

5818 Barnes Drive, Clinton Maryland in Prince George's County.

3. That on or about October 9, 2017, while the Plaintiff, Halimatou Riba-Turner, was a business invitee, shopping at one of the Defendant, Shoppers Food Warehouse grocery stores located at 6300 Coventry Way, Clinton, Maryland 20735, the Plaintiff slipped on an area of slippery substance, believed to be water, which was negligently allowed to accumulate on the floor.

4. That the Defendant, Shoppers Food Warehouse, owed a duty to the Plaintiff, Halimatou Riba-Turner, to maintain the floor in its store in a safe and clean manner.

5. That the Defendant, Shoppers Food Warehouse, by and thru its agents, servants and/or employee, had knowledge, actual and/or constructive, or with the exercise of due caution and diligence should have known, of said dangerous conditions and failed to remedy same, including but not limited to properly inspecting the area for such dangerous conditions, failing to properly clean up the area or otherwise remove the slippery substance, believed to be water, expeditiously; failing to warn Plaintiff of the dangerous conditions on the premises, and/or failing to properly inspect the premises, thereby creating a dangerous condition.

6. That at all times in question, the Plaintiff, Halimatou Riba-Turner, acted in a careful and prudent manner, without any negligence contributing to the result accident.

7. That as a direct and proximate result of the aforesaid accident, which was caused by the negligence of the Defendant, Shoppers Food Warehouse, by and through their agents, servants and/or employees, the Plaintiff, Halimatou Riba-Turner, who was at all times exercising due care, sustained severe, painful, and serious injuries to her body, including her back and elbow, some of which are permanent in nature and did and will hinder and prevent

her from attending her usual duties and affairs of life, and has caused her to loss of time and earnings from her gainful employment and she will in the future lose value of that time as aforementioned.

8. That as a further direct and proximate result of the aforesaid negligence of the Defendant, Shoppers Food Warehouse, the Plaintiff Halimatou Riba-Turner, has been forced to expend and will continue to expend large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

9. It was then and there the duty and responsibility of the Defendant, and the Defendant's employees and agents, to maintain the floors of the establishment in a nonhazardous condition, to keep them safe and to place appropriate signs to give reasonable warning of the dangerous condition on the premises to those who were invited to use the premises or who were otherwise legally on the premises, including the Plaintiff.

10. It was then and there the responsibility of Defendant to properly train and supervise each of its employees and agents and make diligent and reasonable efforts including adopting cleaning procedures to ensure that its employees and agents, during and after cleaning and maintenance, maintain safe conditions for Plaintiff and others who were reasonably expected to enter and exit the property.

11. It was then and there the responsibility of Defendant to make diligent and reasonable efforts to ensure that its employees and agents warn of any and all hazards created by the employees or agents of the Defendant or of which it was or should be aware for Plaintiff and others who were reasonably expected to enter the property.

12. Notwithstanding the above-mentioned duties of the Defendant, the said Defendant breached said duties and failed to avoid causing the hazard and failed to warn of

the hazard for Plaintiff and others who were reasonably expected to enter the property.

## COUNT II
### (Premises Liability)

13. The averments of fact stated in Count I are adopted herein and made a part hereof as if fully set forth herein.

14. On October 9, 2017 agents and employees of the Defendant, acting within the scope of their employment and in furtherance of the Defendant's interests, created a dangerous situation by negligently allowing a slippery to accumulate on the floor.

15. The Defendant and each of its employees, knew or should have known that the depressed area existed and that no sign had been placed, constituting a dangerous condition on the premises.

16. It was then and there the duty and responsibility of the Defendants and the Defendants' employees, to properly inspect, repair or to place appropriate signs to give reasonable warning to those who were invited to use the premises or who were otherwise legally on the premises, including the Plaintiff, of the dangerous condition on the premises.

17. The Defendants, and their employees, failed to fulfill the above duties and responsibilities by failing to inspect and repair the driveway and by giving no warning to the Plaintiff of the dangerous condition on the premises.

18. As a direct and proximate result the Plaintiff fell in the depressed area, causing her to suffer numerous injuries.

19. As a direct and proximate result of the negligence of the Defendants, and their employees, the Plaintiff suffered, is suffering, and will continue to suffer severe and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused, are causing, and will continue to cause her great pain and mental

ALPERT SCHREYER POE
85 Sherry Lane, Suite 1A
Prince Frederick, MD 20678
443-455-1786

anguish

20. As a direct and proximate result of the negligence of the Defendants, and their employees, the Plaintiff has been forced to expend large sums of money for medical care and treatment of injuries which she sustained, and will continue to be forced to expend large sums of money for such medical care and treatment in the future.

WHEREFORE, the Plaintiff, Halimatou Riba-Turner, claims compensatory damages in excess of Seventy-Five Thousand Dollars and 00/100 ($75,000.00), plus interest and costs against the Defendant, Shoppers Food Warehouse and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

ALPERT SCHREYER POE, LLC

_____
Shawn M. Poe, Esquire
CPF# 1212120385
85 Sherry Lane, Suite 1A
Prince Frederick, MD 20678
443-455-1786
301-870-4050
poe@dcmdlaw.com
*Attorney for Plaintiff*

_____
Mike Berman, Esquire
CPF# 1612130052
85 Sherry Lane, Suite 1A
Prince Frederick, MD 20678
443-455-1786
301-870-4050
berman@dcmdlaw.com
*Attorney for Plaintiff*

85 Sherry Lane, Suite 1A
Prince Frederick, MD 20678
443-455-1786
301-870-4050
poe@dcmdlaw.com

/s/

Mike Berman, Esquire
CPF# 1612130052
85 Sherry Lane, Suite 1A
Prince Frederick, MD 20678
443-455-1786
301-870-4050
berman@dcmdlaw.com
*Attorney for Plaintiff*